**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ELIGAH DARNELL, JR.,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0802-Y |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Eligah Darnell, Jr., TDCJ # 1326857, was a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, at the time this petition was filed.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. PROCEDURAL HISTORY

On March 29, 1989, following a probation revocation proceeding, Darnell was sentenced to

nine years' confinement for his conviction for burglary of a habitation in Criminal District Court Two of Tarrant County, Texas, Case No. 0340533D. (3State Habeas R. at 58.)[1] On the same date, the trial court adjudicated Darnell's guilt for unlawful possession of a prohibited weapon in Case No. 0333956W and sentenced him to nine years' confinement. (5State Habeas R. at 45.)[2] Also, on the same date, pursuant to a plea bargain agreement, Darnell pled guilty to indecency with a child by contact in Case No. 0364461W and was sentenced to nine years' confinement. (1State Habeas R. at 18.)[3] Via telephonic communication with TDCJ, Darnell discharged his sentences for these offenses in 2004. Following his release, because of his 1989 conviction for indecency with a child, Darnell was required to register as a sex offender for life under former article 62.12(a) of the Texas Code of Criminal Procedure. (18State Habeas R. at 30.)[4]

Thereafter, on May 28, 2004, Darnell was charged by indictment with failing to comply with the sex offender registration requirements. (*Id.*) The indictment also included a repeat offender notice alleging Darnell had been previously convicted of the felony offense of burglary of a habitation in Case No. 0340533D. (*Id.*) On September 6, 2005, pursuant to a plea agreement, Darnell pled guilty to the offense in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0923995D, and was sentenced to two years' confinement. (*Id.* at 31-37.) Darnell

---

[1] "3tate Habeas R." refers to the court record of Darnell's state habeas Application No. 40,661-03.

[2] "5State Habeas R." refers to the court record of Darnell's state habeas Application No. 40,661-05.

[3] "1State Habeas R." refers to the court record of Darnell's state habeas Application No. 40,661-01.

[4] "18State Habeas R." refers to the court record of Darnell's state habeas Application No. 40,661-18.

did not directly appeal his conviction, and, instead, raised one or more of the claims presented herein in a state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on November 30, 2005. *Ex parte Darnell*, Application No. 40,661-18. Darnell filed this petition on December 13, 2005. Via telephonic communication with TDCJ, Darnell apparently discharged his two-year sentence on March 2, 2006, and is no longer in custody of TDCJ.

### D. ISSUES

Darnell raises the following claims:

(1)  He was denied effective assistance of counsel;

(2)  He is actually and factually innocent of the offense;

(3)  His conviction was obtained in violation of various constitutional rights; and

(4)  His sentence is illegal. (Petition at 7-8; Pet'r Motion to Amend; Pet'r Supp. Pleading.)

### E. RULE 5 STATEMENT

Dretke asserts that Darnell has failed to exhaust his state remedies on his ineffective-assistance claims under his first ground because he did not raise the claims in his state habeas application, and, thus, the claims are procedurally barred from federal habeas review. Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner

according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Darnell did not raise the ineffective-assistance claims now presented in his state habeas application.[5] Thus, to the extent Darnell seeks federal habeas relief on claims that were never made in the Texas courts, the claims are unexhausted. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). Darnell cannot, however, return to the Texas courts to cure this deficiency. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first relevant habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Cotton v. Cockrell*, 343 F.3d 746, 755 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 1417 (2004); *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.,* that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20. Darnell has not given a valid justification to excuse his default. Nor has he demonstrated that failure to consider the claims will result in a miscarriage of justice, *i.e.,* that he is innocent of the crime for which he was charged and convicted. Accordingly, Darnell's ineffective-assistance claims under his first ground, not raised in his state habeas application, are procedurally barred from federal habeas review.

---

[5]Darnell did claim in his state application that he received ineffective assistance of trial counsel in the prior state criminal case resulting in his 1989 conviction for burglary of a habitation. (State Habeas R. at 24-25.)

4

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286

F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[6]; *Catalan v. Dretke*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Actual and Factual Innocence

Darnell claims he is actually and factually innocent of the offense of failing to register as a sex offender under former article 62.12(a) of the Texas Code of Criminal Procedure.[7] (Petition at 7.) According to Darnell, he is factually innocent because legally he does not have a lifetime registration requirement and actually innocent because there was insufficient proof to establish his guilt.

The Texas sex offender registration statute was originally enacted in 1991. *See* Act of June 15, 1991, 72nd Leg., R.S., ch. 572, 2029 Tex. Gen. Laws 2029-32, eff. Sept. 1, 1991 (codified at TEX.

---

[6] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

[7] Former article 62.12(a)(1) provided:

> (a) The duty to register for a person ends when the person dies if the person has a reportable conviction or adjudication . . . for:
>
> (1) a sexually violent offense . . . .

Act of May 8, 2001, 77th Leg., R.S., ch. 211, § 12, 2001 Tex. Gen. Laws 377, 379 (currently TEX. CODE CRIM. PROC. ANN. art. 62.101(a)(1) (Vernon Supp. 2005)).

6

REV. CIV. STAT. ANN. art. 6252-13c.1).  The Texas Sex Offender Registration Program, as it is now known, is currently codified at Chapter 62 of the Texas Code of Criminal Procedure. *See* Act of ___, 2005, 79th Leg., ch. 1008, § 1.01, eff. Sept. 1, 2005 (amending and re-codifying the Sex Offender Registration Program within Chapter 62).  Prior to 1997, the sex offender registration requirement applied only to those persons convicted of a sex offense after 1991.  *See Rodriguez v. State*, ,93 S.W.3d 60, 66 (Tex. Crim. App. 2002).  In 1997, however, the Texas legislature expanded the class of persons required to register to apply to those individuals who had a reportable conviction or adjudication occurring on or after September 1, 1970.  *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2260-61, 2264 (formerly TEX. CODE CRIM. PROC. ANN. art. 62.11; currently TEX. CODE CRIM. PROC. art. 62.002 (Vernon Supp.2005)).  The 1997 amendments also imposed lifetime reporting requirements for certain offenses, including a sexually violent offense.  *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2253, 2264 (formerly TEX. CODE CRIM. PROC. ANN. art. 62.12(a)(1); currently at TEX. CODE CRIM. PROC. ANN. art. 62.101(a)(1) (Vernon Supp. 2005)).  Indecency with a child is defined as a "sexually violent offense."  *See* former TEX. CODE CRIM. PROC. ANN. art. 62.01(6)(A) (definitions) (currently TEX. CODE CRIM. PROC. ANN. art 62.001(5)(A) (Vernon Supp. 2005)).

As a result of the amendments, the Texas Sex Offender Registration Program applies retroactively to Darnell on the basis of his 1989 conviction for indecency with a child, and he is required to register for life under state law.  *See* former TEX. CODE CRIM. PROC. ANN. art. 62.02 (currently TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (Vernon Supp. 2005)).  Furthermore, Darnell voluntarily waived his right to a jury trial, pled guilty to the offense, and judicially confessed to committing the offense as charged in the indictment, including the allegation that he had been

7

previously convicted of indecency with a child in 1989. (18State Habeas R. at 30-35.) *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). Under Texas law, a judicial confession standing alone is sufficient evidence of guilt in a felony case in which a defendant waives a jury and pleads guilty to the trial court. *Dinnery v. Texas*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g). Thus, under state law, Darnell was required to register, and the evidence was sufficient to establish that Darnell failed to do so in violation of state law.

### 3. Constitutional Violations

Darnell claims retroactive application of the requirement that he register as a sex offender for life under former article 62.12(a)(1) violates various federal constitutional rights. (Petition at 8; Pet'r "Injunction" at 1.) On this basis, he seeks habeas relief and/or injunctive relief preventing the state from enforcing the requirement with respect to him. Retroactive application of the statute, however, has not been found to pose a constitutional violation based on clearly established federal law. *See Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003) (upholding statutory requirement that a parolee participate in sex offender counseling program enacted after conviction); *Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 662-63 (E.D. Tex. 2004) (holding Texas sex offender statute is nonpunitive and therefore its application to convicted sex offender did not violate prohibition against ex post facto laws); *Uresti v. Collier*, No. H-04-3094, slip copy, 2005 WL 1515386, at *13 (S.D. Texas June 23, 2005) (not designated for publication).

Although the Supreme Court has not addressed the issue, it has held that Alaska's sex offender registration statute is nonpunitive and, thus, its retroactive application does not violate the

Ex Post Facto Clause. *See Smith v. Doe*, 538 U.S. 84, 105-06 (2003). Applying similar reasoning, the Texas Court of Criminal Appeals has held that the effect of the amendments requiring registration for life is not so punitive as to transform the statute into a criminal sanction in violation of ex post facto laws. *See Rodriguez v. Texas*, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002). If registration requirements are nonpunitive, compliance with the requirements cannot constitute double jeopardy or cruel and unusual punishment. *See Rodriguez*, 93 S.W.3d at 69-79; *see also Ex parte Robinson*, 116 S.W.3d 794, 798 (Tex. Crim. App. 2003); *Uresti*, No. H-04-3094, 2005 WL 1515386, at *12; *Garcia v. Dretke*, No. H-05-1379, slip op., 2005 WL 3234370, at *6-9 (S.D. Tex. Nov. 29, 2005) (not designated for publication). Darnell's claims that application of the amendments presents equal protection and due process violations are equally without merit. He fails to allege or demonstrate that he is a member of a suspect class or that he is being treated differently than other defendants convicted of indecency with a child after September 1, 1970, for purposes of equal protection. Nor does he demonstrate a liberty interest that would entitle him to procedural or substantive due process protection. *See Conn. Dep't of Public Safety v. Doe*, 538 U.S. 1, 7-8 (2003); *Doe v. Tandeske*, 361 F.3d 594, 596-97 (9th Cir.), *cert. denied*, 543 U.S. 817 (2004); *Fullmer v. Mich. Dep't of State Police*, 360 F.3d 579, 581-82 (6th Cir. 2004).

### 4. Illegal Sentence

Darnell claims his sentence is illegal because, in 1989, indecency with a child was not a 3g conviction under article 42.12, § 3g of the Texas Code of Criminal Procedure that would authorize enhancements of his punishment for a state jail felony to that of a third and second degree felony under §§ 12.35(c) and 12.42(a) (3) of the Texas Penal Code. (Petition at 8.) TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (Vernon Supp. 2005); TEX. PENAL CODE §§ 12.42(a)(3), 12.25(c)

9

(Vernon Supp. 2005).

Claims based solely on state law are not cognizable in a § 2254 proceeding. A state prisoner seeking federal review pursuant to § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir.1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Whether an offense has been properly enhanced is generally a matter of state law. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke*, No. 3:02-CV-2151-N, 2005 WL 701035, at *2 (N.D. Tex. Mar. 23, 2005), *adopted*, 2005 WL 1025964 (N.D. Tex. Apr. 28, 2005) (not designated for publication). Here, the propriety of the enhancements appear to be governed by §§ 12.35(c)(2)(A) and 12.42(a)(3) of the Texas Penal Code. Darnell, relying solely on state law, fails to demonstrate how the enhancements implicate a federal constitutional violation. He generally asserts that the enhancements deny him due process and equal protection, however, he fails to articulate and develop a federal constitutional claim. (Pet'r Motion to Amend at 3-7.) Thus, the claim is not cognizable on federal habeas corpus review.

Darnell also claims that, in violation of *Brady v. Washington*, 373 U.S. 83 (1963), the state withheld material, exculpatory information from the grand jury by withholding the fact that he was not convicted of a 3g offense in 1989. He argues that had the state disclosed the true facts, the indictment would not have issued and he would not have been sentenced under the provisions of §§ 12.35(c) and 12.21(a)(3). (Pet'r Supplemental Pleading at 2-4.) No support is found for the argument that *Brady* and its progeny extend to proceedings before the grand jury nor has Darnell presented any factual or evidentiary basis for his claim. Nevertheless, Darnell's guilty plea waived

10

any such *Brady* claim. *See Tollet v. Henderson*, 411 U.S. 258, 267 (1973) (stating guilty plea waives all nonjurisdictional defects occurring before entry of plea); *United States v. Ruiz*, 536 U.S. 622, 628-30 (2002); *United States v. Lampazianie*, 251 F.3d 519, 526 (5th Cir. 2001); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984).

## II.  RECOMMENDATION

It is therefore recommended that Darnell's petition and motion for injunctive relief be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 22, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 22, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 1, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE